IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACK E. MARTIN,

    Plaintiff,

vs.

JOANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

Civil No. 04-876-AS

ORDER

REDDEN, Judge:

    Magistrate Judge Ashmanskas filed his findings and recommendation on May 3, 2005, recommending that plaintiff's case be remanded to the Commissioner.

    The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. When a party objects to any portion of a magistrate judge's findings and recommendation regarding the disposition of any motion excepted in subsection (b)(1)(A), the district court must make a de novo determination of the specified proposed findings or recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

    Plaintiff has timely filed objections. I have, therefore, given the file of this case a de novo review.

1    -   ORDER

Plaintiff does not take issue with Judge Ashmanskas' recommendation that "[t]his case should be remanded to the Commissioner for development of the medical record for 2001 and early 2002." F&R, p. 14. Plaintiff objects only to the portion of Judge Ashmanskas' recommendation that directs the Commissioner "to determine if any sedentary jobs requiring only occasional reaching that Martin can perform exist in significant numbers in the community." Id.

In this case, the Commissioner concedes error by the vocational expert in basing her conclusion that plaintiff can still work in some sedentary jobs on jobs that require frequent reaching, which plaintiff is unable to do. The Commissioner sought remand to correct this error.

In addition, Judge Ashmanskas found the ALJ should have investigated to determine if chart notes existed that would support Dr. Applegate's opinion that plaintiff would probably miss work three days out of a month. If Dr. Applegate's opinion is supported by chart notes, then the basis for the determination of whether a claimant can perform other work in the national economy changes. Of course, the determination necessarily changes based on the Commissioner's concession that the vocational expert relied on jobs that plaintiff is unable to do.

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. § 404.1520; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At step five, which is reached only if a claimant is unable to perform his past relevant work (which is the case with plaintiff), the Commissioner must determine if the claimant can perform other work in the national economy. In this case, step five must be reevaluated on remand based on the results of the development of Dr. Applegate's medical records and correction of the vocational expert's opinion. If Dr. Applegate's opinion that plaintiff could be expected to miss work three or more days a month is found to have been properly supported, his opinion will be factored into the step five analysis, noting that the vocational expert already has testified that an individual likely to miss more than three days of work a month would not be

employable. If not, the vocational expert's opinion must be modified pursuant to Judge Ashmanskas' instructions.

Therefore, I ADOPT the Magistrate Judge's findings and recommendation (doc. 18) that plaintiff's case be remanded to the Commissioner for development of the medical record for 2001 and early 2002 and for determination if any sedentary jobs requiring only occasional reaching that plaintiff can perform exist in significant numbers in the community.

IT IS SO ORDERED.

Dated this 19th day of July, 2005.

                                                /S/ James A. Redden
                                                   James A. Redden
                                                United States District Judge